UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-CR-114-KKC

UNITED STATES, PLAINTIFF,

v. **OPINION AND ORDER**

RICHARD RANKIN, DEFENDANTS.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the second Motion to Suppress (DE 77) filed by the Defendant Richard Rankin. For the following reasons, the motion will be denied.

**I.     Facts.**

Rankin is charged with conspiring with his co-defendants to distribute oxycodone, with possessing oxycodone with the intent to distribute it, and with using Federal Express, a commercial mail delivery service, to distribute oxycodone. This motion to suppress is the second one filed by Rankin. The Magistrate Judge recommended that the Court deny the initial motion to suppress. (DE 67.) Rankin filed no objections to that recommendation and this Court, agreeing with its analysis and conclusion, adopted the recommendation as the opinion of the Court. (DE 84.)

After the Magistrate Judge entered the Recommended Disposition on the Defendant's initial motion to suppress, the Magistrate Judge entered a Recommended Disposition on a motion to suppress filed by Aaron Cody Poor and Felicia Poor, Rankin's co-Defendants in this matter. (DE 76.) The Magistrate Judge recommended that the Court grant the Poors' motion to suppress the contents of a Federal Express package

addressed to Cody Poor. The package contained oxycodone pills. The Court adopted that portion of the Magistrate Judge's recommendation and granted the motion to suppress the contents of the Federal Express package addressed to Cody Poor and ordered that the contents could not be introduced in the government's case-in-chief against either of those defendants. (DE 99.)

After the Magistrate Judge entered the recommendation that the Court grant the Poors' motion to suppress the contents of the Federal Express package addressed to Cody Poor, Rankin filed this second motion to suppress in which he argues that the contents of the package should also be suppressed as to him. He argues that "[t]he Government has previously alleged, and the Magistrate Judge has previously concluded that evidence exists which strongly indicates Richard Rankin was the owner of the Federal Express package delivered to Cody Poor at his residence on March 2, 2011." (DE 77, Motion at 1.) He states that he "allegedly arranged for the package containing Oxycodone pills to be delivered to Cody Poor at his residence." (DE 77, Motion at 1.) Rankin argues that, because the package was allegedly intended for him, he has a privacy expectation in it.

**II.    Analysis.**

"Both senders and addressees of packages or other closed containers can reasonably expect that the government will not open them." *United States v. Villarreal*, 963 F.2d 770, 774 (5th Cir. 1992). Rankin, however, does not purport to be either the sender or addressee of the Federal Express package addressed to Cody Poor. Instead, he asserts that he has a privacy interest in the contents of the Federal Express package because the package was allegedly intended for him and not Cody Poor.

Some courts have held that an individual may assert a reasonable expectation of privacy in a package intended for him but addressed to a fictitious name. *See id.* at 774-75. Here, however, the package was not addressed to a fictitious entity that was Rankin's alter ego but to an individual other than Rankin, i.e., Cody Poor. Thus, Rankin has no legitimate expectation of privacy in it. *See United States v. Pettiway*, 429 F. App'x 132, 135 & n. 5 (3rd Cir. 2011) (drawing a distinction between packages addressed to the "alter ego" of a defendant, and those addressed to individuals other than the defendant); *United States v. Pierce*, 959 F.2d 1297, 1303 & n. 11 (5th Cir.1992) (same).

For these reasons, the Court hereby ORDERS that Richard Rankin's Second Motion to Suppress (DE 77) is DENIED.

Dated this 10th day of July, 2012.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge